NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | **Case No. SACV 18-00597-JLS-KESx** |
| Plaintiff, | |
| v. | **PRELIMINARY INJUNCTION WITH ASSET FREEZE, LIMITED EXPEDITED DISCOVERY, AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS EVE CHRISTINE RODRIGUEZ AND SERGIO LORENZO RODRIGUEZ** |
| AMERICAN HOME SERVICING CENTER, LLC, | |
| CAPITAL HOME ADVOCACY CENTER, | |
| NATIONAL ADVOCACY CENTER, LLC, | |
| JAIME ABURTO, a/k/a James Aburto, and Jamie Aburto, individually, as an officer of American Home Servicing Center, LLC and National Advocacy Center, LLC, and d/b/a A.H.S.C., American Home Servicing Center, Local Page, NAC, National Servicing Center, NSC Processing, and Secured Processing, | |
| MARCUS FIERRO, JR., individually, as a member of American Home Servicing | |

1

Center, LLC and National Advocacy Center, LLC, and d/b/a A.H.S.C. and American Home Servicing Center,

EVE CHRISTINE RODRIGUEZ, a/k/a Elizabeth Davis, Elizabeth Powers, Christina Rodriguez, Christine Rodriguez, and Elizabeth Rodriguez, individually, as a manager of American Home Servicing Center, LLC, a member of Capital Home Advocacy Center, and d/b/a National Advocacy Group,

and SERGIO LORENZO RODRIGUEZ, a/k/a Sergio Lawrence, individually, as a manager of American Home Servicing Center, LLC, a member of Capital Home Advocacy Center, and d/b/a National Advocacy Group,

      Defendants.

Plaintiff, the Federal Trade Commission ("FTC"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (Mar. 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538, has filed a complaint to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other

2

equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Mortgage Assistance Relief Services Rule, 12 C.F.R. Part 1015 ("Regulation O"), and has applied for a preliminary injunction order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

On April 13, 2018, this Court issued its *Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery, and Order to Show Cause Why Preliminary Injunction Should Not Issue.* DE 20 ("TRO"). Defendants were ordered to appear at a hearing on April 26, 2018 to "show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing such additional relief as may be appropriate." *Id.* at 30. On April 26, 2018, at Defendants' request, this Court granted a continuance of the TRO until June 8, 2018. On April 27, 2018, this Court issued its *Preliminary Injunction with Asset Freeze, Appointment of Receiver, Limited Expedited Discovery, and Other Equitable Relief as to Defendants American Home Servicing Center, LLC, Capital Home Advocacy Center, National Advocacy Center, LLC, and Marcus Fierro.*

Having considered the parties' pleadings, papers, and argument, the Court hereby **GRANTS** the *Preliminary Injunction with Asset Freeze, Limited Expedited Discovery, and Other Equitable Relief as to Defendants Eve Christine Rodriguez and Sergio Lorenzo Rodriguez.*

## **FINDINGS OF FACT**

This Court, having considered the FTC's Complaint, *ex parte* application, declarations, exhibits, and memoranda filed in support of the FTC's application, and the evidence presented, finds that:

3

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto;

2. There is good cause to believe that venue lies properly with this Court;

3. On April 11, 2018, the FTC filed its *Complaint* and *Memorandum in Support of Ex Parte Application for Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery, and Order to Show Cause Why Preliminary Injunction Should Not Issue* ("Ex Parte Memo") and related pleadings. DE 1, 2; DE 7-9, 12-17;

4. On April 13, 2018, the Court entered its *Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery, and Order to Show Cause Why Preliminary Injunction Should Not Issue*. DE 20;

5. The TRO, and all of the related pleadings, was served on Defendants by personal service pursuant to Rule 4 of the Federal Rules of Civil Procedure. DEs 24, 46;

6. On April 26, 2018, at Defendants' request, this Court granted a continuance of the TRO until June 8, 2018. DE 42;

7. On April 27, 2018, this Court issued its *Preliminary Injunction with Asset Freeze, Appointment of Receiver, Limited Expedited Discovery, and Other Equitable Relief as to Defendants American Home Servicing Center, LLC, Capital Home Advocacy Center, National Advocacy Center, LLC, and Marcus Fierro*. DE 43;

8. There is good cause to believe that the Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement of ill-gotten gains will suffer immediate and irreparable damage from Defendants' transfer, dissipation, or concealment of Assets or business

records unless Defendants continue to be restrained and enjoined by Order of this Court;

9. Good cause exists to permit the FTC to take limited expedited discovery from third parties as to the existence and location of Assets and Documents;

10. Weighing the equities and considering the FTC's likelihood of ultimate success, a preliminary injunction order with an Asset freeze and other equitable relief is in the public interest; and

11. No security is required of any agency of the United States for the issuance of a preliminary injunction order. Fed. R. Civ. P. 65(c).

## **DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "**Asset Freeze Accounts**" includes accounts that are held by or for the benefit of, or controlled by, directly or indirectly, any Defendant or Receivership Entity.

C. "**Defendant(s)**" means Eve Christine Rodriguez and Sergio Lorenzo Rodriguez.

D. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers,

bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

  E. "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.  This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

  F. "**Receiver**" means Krista L. Freitag, who was appointed in Section XI of the *Preliminary Injunction with Asset Freeze, Appointment of Receiver, Limited Expedited Discovery, and Other Equitable Relief as to Defendants American Home Servicing Center, LLC, Capital Home Advocacy Center, National Advocacy Center, LLC, and Marcus Fierro* (DE 43), and any deputy receivers that she names.

  G. "**Receivership Entities**" means American Home Servicing Center, LLC ("American Home"), Capital Home Advocacy Center, ("Capital Home"), and National Advocacy Center, LLC ("National Advocacy"), and each of their subsidiaries, affiliates, successors, and assigns, as well as any other entity that has conducted any business related to Defendants' mortgage assistance operation, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

# ORDER

## I. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, their agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

    A.    Defendants' likelihood of obtaining mortgage loan modifications on behalf of consumers;

    B.    Defendants' confirmation of mortgage loan modifications on behalf of consumers; and

    C.    Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## II. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, their agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

    A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

### III. ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:
    1. Asset Freeze Accounts
    2. owned or controlled, directly or indirectly, by any Defendant;
    3. held, in part or in whole, for the benefit of any Defendant;
    4. in the actual or constructive possession of any Defendant; or
    5. owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C. Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time the TRO was entered; and (2) Assets obtained by Defendants after the TRO was entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## IV. DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has

been: owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

    (b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

    (c) has extended credit to any Defendant, including through a credit card account, shall:

    A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however, that this provision does not prohibit a Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

    B.    Deny any person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C. Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

    1. The identification number of each such account or Asset;

    2. The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

    3. The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D. Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to each account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## V. **FINANCIAL DISCLOSURES**

**IT IS FURTHER ORDERED** that any Defendant that has not yet provided Financial Statements to the FTC in accordance with Section V of the TRO, within

three (3) business days of entry of this Order, shall prepare and deliver to Plaintiff's counsel and the Receiver:

 A. A completed financial statement on the form attached to this Order as **Attachment A** (Financial Statement of Individual Defendant), and

 B. a completed request for copy of a tax return on the form attached to this order as **Attachment B** (IRS Form 4506, Request for Copy of a Tax Return).

## VI. <u>FOREIGN ASSET REPATRIATION</u>

**IT IS FURTHER ORDERED** that within five (5) business days of entry of this Order, to the extent not already done so in accordance with the TRO, each Defendant shall:

 A. Provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States that are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

 B. Take all steps necessary to provide Plaintiff's counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment C**.

 C. Transfer to the territory of the United States all Documents and Assets located in foreign countries that are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any

Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D. The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VII. NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, their agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A. Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## VIII. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit

reporting agency from which such reports are requested shall provide them to Plaintiff.

## IX. <u>PRESERVATION OF RECORDS</u>

**IT IS FURTHER ORDERED** that Defendants, their agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

    A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X. <u>REPORT OF NEW BUSINESS ACTIVITY</u>

**IT IS FURTHER ORDERED** that Defendants, their agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's

officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI. PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A. A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B. A list of all agents, employees, officers, attorneys, servants and those persons who are in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C. A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XII. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all

persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XIII. NON-INTERFERENCE WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants, their agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A. Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B. Transacting any of the business of the Receivership Entities;

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XIV. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, their agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere

with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

    A.    Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

    B.    Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

    C.    Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XV.     DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, employee, agent, independent contractor, client, attorney, spouse, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that

this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order.  Furthermore, Defendants shall not take any action that would encourage agents, employees, salespersons, independent contractors, attorneys, affiliates, successors, assigns, or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XVI. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order and all other pleadings, Documents, and exhibits filed contemporaneously with this Order, may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XVII. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Elsie Kappler
> Simon Han
> Federal Trade Commission
> 600 Pennsylvania Ave., NW, Mail Drop CC-9528
> Washington, DC 20580
> Telephone: (202) 326-2466, -2495
> ekappler@ftc.gov, shan@ftc.gov

## XVIII. **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this 12th day of June, 2018, at 12:00 PM, Pacific Time.

Dated: June 12, 2018

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE