**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN HOME SERVICING CENTER, LLC, *et al.*<br><br>　　　　　　　Defendants. | Case No. 8:18-cv-00597-JLS-KES<br><br>**ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

　　For the reasons set forth in its prior orders, the Court has granted the Federal Trade Commission's motions for (1) summary judgment against Defendants Eve Christine "Christina" Rodriguez and Sergio Rodriguez; (2) default judgment against Defendants Marcus Fierro, American Home Servicing Center, LLC ("American Home"), National Advocacy Center, LLC ("National Advocacy"), and Capital Home Advocacy Center ("Capital Home"); and (3) default judgment against Defendant Jaime Aburto. Based on these findings, **IT IS ORDERED**:

## DEFINITIONS

　　For the purposes of this Order, the following definitions apply:

　　A.　**"Assisting others"** includes:

1. performing customer service functions, including receiving or responding to consumer complaints;
2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;
3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registrations for any Internet websites, affiliate marketing services, or media placement services;
4. providing names of, or assisting in the generation of, potential customers;
5. performing marketing, billing, or payment services of any kind; or
6. acting or serving as an owner, officer, director, manager, or principal of any entity.

B. **"Defendants"** means all the Individual Defendants and all the Corporate Defendants, individually, collectively, or in any combination.

C. **"Corporate Defendant(s)"** means American Home Servicing Center, LLC; National Advocacy Center, LLC; and Capital Home Advocacy Center, individually, collectively, or in any combination.

D. **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;
2. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;
3. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or
4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

E. **"Individual Defendant(s)"** means Jaime Aburto, Marcus Fierro, Christina Rodriguez, and Sergio Rodriguez, individually, collectively, or in any combination.

F. **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

G. **"Secured or unsecured debt relief product or service"** means:
1. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:
    a. stop, prevent, or postpone any mortgage or deed of trust foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

3

|   |   |   |
|---|---|---|
| | b. | negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector; |
| | c. | obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation; |
| | d. | negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure her or his default on the mortgage, loan, debt, or obligation, (ii) reinstate her or his mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; |
| | e. | obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or |
| | f. | negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder. |

|   |   |   |
|---|---|---|
| 1 | | The foregoing shall include any manner of claimed assistance, |
| 2 | | including auditing or examining a person's application for the |
| 3 | | mortgage, loan, debt, or obligation. |
| 4 | 2. | With respect to any loan, debt, or obligation between a person |
| 5 | | and one or more unsecured creditors or debt collectors, any |
| 6 | | product, service, plan, or program represented, expressly or by |
| 7 | | implication, to: |
| 8 | a. | repay one or more unsecured loans, debts, or obligations; |
| 9 | | or |
| 10 | b. | combine unsecured loans, debts, or obligations into one |
| 11 | | or more new loans, debts, or obligations. |

**ORDER**

**I.  BAN ON SECURED OR UNSECURED DEBT RELIEF PRODUCTS AND SERVICES**

**IT IS ORDERED** that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

**II.  PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS OR SERVICES**

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently

5

restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    the terms or rates that are available for any loan or other extension of credit, including:

        1.    closing costs or other fees;

        2.    the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

        3.    the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

        4.    the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

        5.    the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

        6.    whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

        7.    that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

    B.    the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current,

    accurate negative information from the consumer's credit record or history;

 C. that a consumer will receive legal representation; or

 D. any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

 A. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

 B. that any person is affiliated with, endorsed or approved by, or otherwise connected to any: other person; government entity; public, non-profit, or other non-commercial program; or any other program;

 C. the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

1       D.    that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

     E.    that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement; or

     F.    any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV. PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any financial product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any financial product or service, unless the representation is non-misleading, and, at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## V. MONETARY JUDGMENT AGAINST JAIME ABURTO

**IT IS FURTHER ORDERED** that judgment in the amount of seven million, four hundred forty-eight thousand, two hundred dollars and thirty-nine cents ($7,448,200.39) is entered in favor of the Commission against Defendant

8

Jaime Aburto. Of this amount, three million, eight hundred seventy-five thousand, nine hundred seventy-one dollars and eleven cents ($3,875,971.11) is joint and several with Defendant Marcus Fierro; two million, three hundred seventy-two thousand, one hundred ninety-six dollars and fifty-one cents ($2,372,196.51) is joint and several with Defendant Christina Rodriguez; one million, six hundred fifty-three thousand, three hundred sixty-four dollars and thirty cents ($1,653,364.30) is joint and several with Defendant Sergio Rodriguez; two million, five hundred twelve thousand, six hundred ninety-eight dollars and six cents ($2,512,698.06) is joint and several with Defendant American Home; three million, eight hundred seventy-five thousand, nine hundred seventy-one dollars and eleven cents ($3,875,971.11) is joint and several with Defendant National Advocacy; and two million, five hundred twelve thousand, six hundred ninety-eight dollars and six cents ($2,512,698.06) is joint and several with Defendant Capital Home.

### VI. MONETARY JUDGMENT AGAINST MARCUS FIERRO

**IT IS FURTHER ORDERED** that judgment in the amount of three million, eight hundred seventy-five thousand, nine hundred seventy-one dollars and eleven cents ($3,875,971.11) is entered in favor of the Commission against Defendant Marcus Fierro Of this amount, three million, eight hundred seventy-five thousand, nine hundred seventy-one dollars and eleven cents ($3,875,971.11) is joint and several with Defendant Jaime Aburto; two million, three hundred seventy-two thousand, one hundred ninety-six dollars and fifty-one cents ($2,372,196.51) is joint and several with Defendant Christina Rodriguez; one million, six hundred fifty-three thousand, three hundred sixty-four dollars and thirty cents ($1,653,364.30) is joint and several with Defendant Sergio Rodriguez; two million, five hundred twelve thousand, six hundred ninety-eight dollars and six

cents ($2,512,698.06) is joint and several with Defendant American Home; three million, eight hundred seventy-five thousand, nine hundred seventy-one dollars and eleven cents ($3,875,971.11) is joint and several with Defendant National Advocacy; and two million, five hundred twelve thousand, six hundred ninety-eight dollars and six cents ($2,512,698.06) is joint and several with Defendant Capital Home.

## VII. MONETARY JUDGMENT AGAINST CHRISTINA RODRIGUEZ

**IT IS FURTHER ORDERED** that judgment in the amount of four million, seven hundred eighteen thousand, three hundred eighty-four dollars and thirty-three cents ($4,718,384.33) is entered in favor of the Commission against Defendant Christina Rodriguez. Of this amount, two million, three hundred seventy-two thousand, one hundred ninety-six dollars and fifty-one cents ($2,372,196.51) is joint and several with Defendant Jaime Aburto; two million, three hundred seventy-two thousand, one hundred ninety-six dollars and fifty-one cents ($2,372,196.51) is joint and several with Defendant Marcus Fierro; three million, nine hundred ninety-nine thousand, five hundred fifty-two dollars and twelve cents ($3,999,552.12) is joint and several with Defendant Sergio Rodriguez; four million, seven hundred eighteen thousand, three hundred eighty-four dollars and thirty-three cents ($4,718,384.33) is joint and several with Defendant American Home; four million, seven hundred eighteen thousand, three hundred eighty-four dollars and thirty-three cents ($4,718,384.33) is joint and several with Defendant National Advocacy; and four million, seven hundred eighteen thousand, three hundred eighty-four dollars and thirty-three cents ($4,718,384.33) is joint and several with Defendant Capital Home.

## VIII. MONETARY JUDGMENT AGAINST SERGIO RODRIGUEZ

**IT IS FURTHER ORDERED** that judgment in the amount of three million, nine hundred ninety-nine thousand, five hundred fifty-two dollars and twelve cents ($3,999,552.12) is entered in favor of the Commission against Defendant Sergio Rodriguez. Of this amount, one million, six hundred fifty-three thousand, three hundred sixty-four dollars and thirty cents ($1,653,364.30) is joint and several with Defendant Jaime Aburto; one million, six hundred fifty-three thousand, three hundred sixty-four dollars and thirty cents ($1,653,364.30) is joint and several with Defendant Marcus Fierro; three million, nine hundred ninety-nine thousand, five hundred fifty-two dollars and twelve cents ($3,999,552.12) is joint and several with Defendant Christina Rodriguez; three million, nine hundred ninety-nine thousand, five hundred fifty-two dollars and twelve cents ($3,999,552.12) is joint and several with Defendant American Home; three million, nine hundred ninety-nine thousand, five hundred fifty-two dollars and twelve cents ($3,999,552.12) is joint and several with Defendant National Advocacy; and three million, nine hundred ninety-nine thousand, five hundred fifty-two dollars and twelve cents ($3,999,552.12) is joint and several with Defendant Capital Home.

## IX. MONETARY JUDGMENT AGAINST AMERICAN HOME

**IT IS FURTHER ORDERED** that judgment in the amount of four million, eight hundred fifty-eight thousand, eight hundred eighty-five dollars and eighty-eight cents ($4,858,885.88) is entered in favor of the Commission against Defendant American Home Servicing Center, LLC. Of this amount, two million, five hundred twelve thousand, six hundred ninety-eight dollars and six cents ($2,512,698.06) is joint and several with Defendant Jaime Aburto; two million, five hundred twelve thousand, six hundred ninety-eight dollars and six cents

($2,512,698.06) is joint and several with Defendant Marcus Fierro; four million, seven hundred eighteen thousand, three hundred eighty-four dollars and thirty-three cents ($4,718,384.33) is joint and several with Defendant Christina Rodriguez; three million, nine hundred ninety-nine thousand, five hundred fifty-two dollars and twelve cents ($3,999,552.12) is joint and several with Defendant Sergio Rodriguez; four million, eight hundred fifty-eight thousand, eight hundred eighty-five dollars and eighty-eight cents ($4,858,885.88) is joint and several with Defendant National Advocacy; and four million, eight hundred fifty-eight thousand, eight hundred eighty-five dollars and eighty-eight cents ($4,858,885.88) is joint and several with Defendant Capital Home.

**X. MONETARY JUDGMENT AGAINST NATIONAL ADVOCACY**

**IT IS FURTHER ORDERED** that judgment in the amount of six million, two hundred twenty-two thousand, one hundred fifty-eight dollars and ninety-three cents ($6,222,158.93) is entered in favor of the Commission against Defendant National Advocacy Center, LLC. Of this amount, three million, eight hundred seventy-five thousand, nine hundred seventy-one dollars and eleven cents ($3,875,971.11) is joint and several with Defendant Jaime Aburto; three million, eight hundred seventy-five thousand, nine hundred seventy-one dollars and eleven cents ($3,875,971.11) is joint and several with Defendant Marcus Fierro; four million, seven hundred eighteen thousand, three hundred eighty-four dollars and thirty-three cents ($4,718,384.33) is joint and several with Defendant Christina Rodriguez; three million, nine hundred ninety-nine thousand, five hundred fifty-two dollars and twelve cents ($3,999,552.12) is joint and several with Defendant Sergio Rodriguez; four million, eight hundred fifty-eight thousand, eight hundred eighty-five dollars and eighty-eight cents ($4,858,885.88) is joint and several with Defendant American Home; and four million, eight hundred fifty-eight thousand,

eight hundred eighty-five dollars and eighty-eight cents ($4,858,885.88) is joint and several with Defendant Capital Home.

### XI. MONETARY JUDGMENT AGAINST CAPITAL HOME

**IT IS FURTHER ORDERED** that judgment in the amount of four million, eight hundred fifty-eight thousand, eight hundred eighty-five dollars and eighty-eight cents ($4,858,885.88) is entered in favor of the Commission against Defendant Capital Home Advocacy Center. Of this amount, two million, five hundred fifteen thousand, six dollars and six cents ($2,515,006.06) is joint and several with Defendant Jaime Aburto; two million, five hundred fifteen thousand, six dollars and six cents ($2,515,006.06) is joint and several with Defendant Marcus Fierro; four million, seven hundred eighteen thousand, three hundred eighty-four dollars and thirty-three cents ($4,718,384.33) is joint and several with Defendant Christina Rodriguez; three million, nine hundred ninety-nine thousand, five hundred fifty-two dollars and twelve cents ($3,999,552.12) is joint and several with Defendant Sergio Rodriguez; four million, eight hundred fifty-eight thousand, eight hundred eighty-five dollars and eighty-eight cents ($4,858,885.88) is joint and several with Defendant American Home; and four million, eight hundred fifty-eight thousand, eight hundred eighty-five dollars and eighty-eight cents ($4,858,885.88) is joint and several with Defendant National Advocacy.

### XII. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money

13

remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

B. Any entity or person, including Defendants or any financial institution holding Defendants' assets, must transfer those assets to the Commission, in accordance with instructions provided by a representative of the Commission, within seven days of receiving notice of this Order.

C. The freeze against Defendants' assets pursuant to the April 13, 2018 Temporary Restraining Order [Doc. 20], the April 27, 2018 Preliminary Injunction as to Defendants American Home Servicing Center, LLC, Capital Home Advocacy Center, National Advocacy Center, LLC, and Marcus Fierro [Doc. 43], and the June 12, 2018 Preliminary Injunction as to Defendants Christina Rodriguez and Sergio Rodriguez [Doc. 69] is modified as follows: once all of Defendants' frozen assets are transferred to the Commission, the asset freeze will dissolve.

## XIII. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

14

1  B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any defendant from this case obtained prior to entry of this Order in connection with any product or service related to consumers' mortgages; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## XIV. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For **20 years** after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other defendant in this case, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order, and all agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7

days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which Defendants delivered a copy of this Order, they must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XV. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

  A. One year after entry of this Order, each of the Defendants must submit a compliance report, sworn under penalty of perjury:

    1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with such Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant (which Defendant must describe if he knows or should know due to his own involvement) in this case; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For **20 years** after entry of this Order, each of the Defendants must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify

the name, physical address, and any Internet address of the business or entity.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. American Home Servicing Center, LLC, et al., X180027.

## XVI. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for **20 years** after entry of the Order and retain each such record for **5 years**. Specifically, each Individual Defendant, for any business that such Defendant, individually or collectively with any other defendants from this case, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## XVII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order and enforcement of the monetary sanction:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Defendants. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any

Defendants or any company they own, control, or perform services for who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with him, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XVIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this 5th day of December 2019

_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE